UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

SUSAN ALEGRIA,

       Plaintiff,

vs.

UNITED STATES POSTAL SERVICE,

       Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, SUSAN ALEGRIA, by and through her undersigned counsel, and sues the Defendant, UNITED STATES POSTAL SERVICE, and alleges as follows:

## INTRODUCTION

1.     This is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff by the Family and Medical Leave Act, 29 U.S.C. 2601-2654 ("FMLA") and under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

## JURISDICTION AND VENUE

2.     The Court has jurisdiction over their controversy based upon the FMLA and 29 U.S.C. § 216(b), and venue is proper as all acts described herein occurred within this judicial district.

## PARTIES

3.     At all times material hereto, the Plaintiff was/is a citizen of the United States, sui juris, and an employee of the Defendant.

4.      At all times material hereto, the Plaintiff was an employee and member of a protected class within the meaning of the FMLA.

5.      At all times material hereto, Defendant was a branch of the Federal Government doing business and services in this judicial district, was the employer or former employer of the Plaintiff, and is an employer as defined by the FMLA and the FLSA.

6.      At all times material hereto, Defendant was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

<u>**STATEMENT OF FACTS**</u>

10.      The Plaintiff was an employee for the Defendant in different locations throughout the country, off and on, since October of 2016.

11.      In the end of October of 2018, while Plaintiff was employed at the W. Boynton Beach Blvd. location, Plaintiff were shorted .

12.      However, when Plaintiff received this paycheck, it was unexplainably shorted by fifteen (15) hours of overtime.

13.      Plaintiff went and notified her manager, Angela Byers, who told her it would be on the next paycheck.

14.      The next week it was still not there, and moreover, Plaintiff was shorted another 7.5 hours of overtime.

15.      She again asked Ms. Byers, who said that she was too busy to add it.  In turn, Plaintiff escalated her concerns to the Postmaster and her Union Representative, frustrating Ms. Byers.

16.      Several days later, Ms. Byers had write ups for Plaintiff based upon attendance.

17.     However, the days Plaintiff had off were all covered by FMLA, and should not have counted against her.

18.     Nevertheless, these absences ultimately resulted in her termination on December 4, 2018.

19.     Thus, not only was Plaintiff retaliated against for complaining about her unpaid overtime, but she was also terminated for absences that were FMLA protected.

20.     As a result, Defendant has violated both the FMLA and the FLSA.

## COUNT I
## FMLA RETALIATION

21.     The Plaintiff incorporates by reference paragraphs 1-20 herein.

22.     At all times material to this lawsuit, the Plaintiff was entitled to leave under the FMLA.

23.     As a result of this exercise of the FMLA, the Defendant intentionally, willfully and unlawfully retaliated against the Plaintiff, in violation of the FMLA.

24.     That the Defendant's decision to adversely affect the Plaintiff was both connected to, and in response to the Plaintiff's FMLA coverage.

25.     As a direct and proximate result of the Defendant's unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA.

26.     The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA.

WHEREFORE, the Plaintiff, SUSAN ALEGRIA, requests that judgment be entered against the Defendant, UNITED STATES POSTAL SERVICE, for all damages recoverable

under the FMLA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT II
## FLSA - OVERTIME

27.     The Plaintiff incorporates by reference paragraphs 1-20 herein.

28.     Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

29.     By reason of the intentional, willful and unlawful acts of the Defendant in violation of the FLSA, Plaintiff has suffered damages.

WHEREFORE, the Plaintiff, SUSAN ALEGRIA, requests that judgment be entered against the Defendant, UNITED STATES POSTAL SERVICE, for all damages recoverable under the FLSA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT III
## FLSA--RETALIATION

30.     The Plaintiff incorporates by reference paragraphs 1-20 herein.

31.     That Plaintiff raised complaints to the Defendant regarding her unpaid overtime hours.

32.     That, as a result of the Plaintiff's complaint, the Defendant intentionally, willfully and unlawfully retaliated against Plaintiff, in violation of the FLSA.

33.     That the Defendant's decision to adversely affect the Plaintiff was both connected to, and in response to the Plaintiff's complaints.

WHEREFORE, the Plaintiff, SUSAN ALEGRIA, requests that judgment be entered against the Defendant, UNITED STATES POSTAL SERVICE, for all damages recoverable

under the FMLA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

The Plaintiff demands a jury trial.

Dated: September 5, 2019.          Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway
Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: david@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiff*

*/s/ David Cozad*
DAVID M. COZAD, ESQ.
F.B.N.: 333920